**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

**FEED PRODUCTS NORTH, INC.**

**Plaintiff,**

**01-CV-487 DSD/JMM**

**v.**

**RELIANCE INSURANCE COMPANY OF ILLINOIS, INC., AMERICAN FEED INDUSTRY INSURANCE COMPANY RISK RETENTION GROUP, INC., and RANDY LEE,**

**Defendants.**

---

## JOINT STIPULATION AND PROPOSED ORDER TO STAY ALL PROCEEDINGS

---

The parties, by their undersigned counsel, stipulate and agree as follows:

1. On May 29, 2001, defendant Reliance Insurance Company[1] ("Reliance") was placed in rehabilitation under the control of the Insurance Commissioner of Pennsylvania because of its poor financial health.

2. The Insurance Commissioner of Pennsylvania, as Reliance's rehabilitator, was charged with the responsibility of running the company while it analyzed Reliance's financial situation to determine if it could be revived or if it should be declared insolvent and liquidated.

---

[1] Reliance Insurance Company of Illinois, Inc. previously merged into Reliance Insurance Company. The Liquidation Order applies to Reliance Insurance Company and all subsidiaries that were previously merged into it.

FILED 1-24-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

3. On October 3, 2001, the Rehabilitator determined that "a plan of rehabilitation for Reliance is not financially viable" and that "further attempts to rehabilitate Reliance would be futile and would substantially increase the risk of loss to Reliance policyholders, claimants and creditors."

4. The Rehabilitator petitioned the Commonwealth Court of Pennsylvania to approve an Order of Liquidation for Reliance.

5. On October 3, 2001, the Commonwealth Court of Pennsylvania granted the petition for liquidation and entered an Order of Liquidation (the "Liquidation Order" or "Order") declaring Reliance insolvent and appointing the Insurance Commissioner of Pennsylvania as Reliance's Liquidator. The Liquidation Order, a copy of which is attached hereto as Exhibit "A," is incorporated by reference as if set forth in full herein.

6. The Liquidation Order is derived from Article V of the Insurance Department Act of 1921, as amended, (40 P.S. §§ 211 et seq.), which is based on the Uniform Insurers Liquidation Act. Article V of the Insurance Department Act of 1921 creates a comprehensive regulatory scheme and grants broad powers to the Liquidator and the Commonwealth Court of Pennsylvania to protect an insolvent insurer's assets, and provide for the orderly and efficient liquidation and dissolution of insolvent insurers, all for the ultimate benefit of an insolvent insurer's policyholders, creditors and the public at large.

7. The parties agree that a stay of these proceedings will help to conserve Reliance's assets and facilitate the orderly and efficient adjudication and satisfaction of claims and litigation against Reliance and its insureds.

8. The parties agree and stipulate that, consistent with and pursuant to the Liquidation Order, all further proceedings in this matter shall be stayed indefinitely in favor of the state insolvency proceedings in Pennsylvania.

9. The parties agree and stipulate that the stay shall be without prejudice to any rights of any party.

10. The parties agree and stipulate that the stay shall be effective until plaintiff Feed Product North's claims against Reliance are fully and finally adjudicated within the state insolvency proceeding in Pennsylvania, as governed by the laws of the Commonwealth of Pennsylvania, or until this stay is lifted by Order of this Court upon motion of one of the parties and for good cause shown. In the event that Feed Product North's claims against Reliance are fully and finally adjudicated within the state insolvency proceeding in Pennsylvania, as governed by the laws of the Commonwealth of Pennsylvania, the parties agree to jointly move for a dismissal of this matter with prejudice and with each party bearing its own costs, fees, and expenses.

11. In the event that Feed Product North's claims against Reliance are not fully and finally adjudicated in the state insolvency proceeding in Pennsylvania and the stay of this matter is lifted, the parties agree that additional time will be needed to complete discovery in this matter. The parties agree that, within 30 days after the stay in this matter is lifted, they shall attempt to agree on a reasonable schedule for the completion of discovery and all other pre-trial activities in this matter, including dispositive motion practice. The parties agree that the time-frame for completing discovery after the stay is lifted shall be not less than 120 days.

12. All applicable statutes of limitations are hereby tolled while this matter is stayed.

**DATED**: January 18, 2002

**ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP**

By: ______________________________

Eric E. Caugh, Esq. (026703X)
33 South Sixth Street
City Center–Suite 4400
Minneapolis, Minnesota 55402
(612) 339-2020
(612) 336-9100 fax

**ATTORNEY FOR DEFENDANT RELIANCE INSURANCE COMPANY OF ILLINOIS, INC.**

**DATED**: January __, 2002

**ROBERT C. BLACK ATTORNEY AT LAW**

______________________________

Robert C. Black, III, Esq.
7400 Metro Boulevard
Suite 190
Edina, Minnesota 55439

**ATTORNEY FOR PLAINTIFF FEED PRODUCTS NORTH, INC.**

**DATED:** January __, 2002

**BASSFORD, LOCKHART,**
**TRUESDELL, & BRIGGS, P.A.**

James O. Redman, Esq.
3550 Multifoods Tower
33 South Sixth Street
Minneapolis, Minnesota 55402-3787

**ATTORNEY FOR DEFENDANTS AMERICAN FEED INDUSTRY INSURANCE COMPANY RISK RETENTION GROUP, INC., and RANDY LEE**

**ORDER**

The Court accepts the foregoing Joint Stipulation for Stay of All Proceedings and hereby orders that this matter is stayed indefinitely, pursuant to the terms of the Joint Stipulation for Stay of All Proceedings and the Liquidation Order, pending the state insolvency proceedings against Reliance in the Commonwealth of Pennsylvania.

**DATED:** 1/24/02

**BY THE COURT:**