UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FEED PRODUCTS NORTH, INC.,

Plaintiff,

Court File No. 01-CV-487

v.

RELIANCE INSURANCE COMPANY OF ILLINOIS, INC., AMERICAN FEED INDUSTRY INSURANCE COMPANY RISK RETENTION GROUP, INC., and RANDY LEE,

Defendants.

SUPPLEMENTAL MEMORANDUM OF DEFENDANTS AMERICAN FEED INDUSTRY INSURANCE COMPANY RISK RETENTION GROUP, INC. and RANDY LEE IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

I. Introduction

On February 25, 2005, Defendants American Feed Industry Insurance Company and Risk Retention Group and Randy Lee filed their motion for summary judgment of the claims of Plaintiff, Feed Products North, Inc., in the above-captioned matter. These Defendants now file a supplemental memorandum of law based upon the holding within a recent decision of the Honorable Ann D. Montgomery, U.S. District Judge, which was released on February 25, 2005. Odens Family Properties, LLC v. Twin Cities Stores, Inc., a Delaware Corporation, and Twin Cities Stores, Inc., an unincorporated Minnesota entity or proprietorship, Case No. 03-5827 (D. Minn.) (hereinafter "Odens"). This case is instructive to the present litigation because of the analogous facts and case law as interpreted by the court.

II. Odens Family Properties, LLC v. Twin Cities Stores, Inc., et al

A. Facts and Procedural Posture

The dispute within Odens concerned whether the parties had entered into an oral agreement which modified an earlier, written agreement between the parties. Twin Cities Avanti Stores ("Avanti") assumed leases for three convenience stores that were owned by D&O Properties ("D&O") and Gerald Deetz ("Deetz"). Before it would consent to Avanti's assumption of the leases, D&O requested a guarantee of Avanti's lease obligations by one of Avanti's related companies, Twin Cities Stores ("TCS"). Avanti also assumed the lease of another convenience store in Mankato, Minnesota, which appears to also have been owned by D&O, and for which TCS also executed a guarantee.

During the following year, D&O received a purchase offer from an uninterested third party for the store in Mankato, which was made upon the assumption that D&O would obtain Avanti's agreement to terminate its lease. D&O accepted the offer.

After some negotiation with Avanti, D&O sent Avanti a draft "Option to Cancel Lease Agreement" in February 2003, on the understanding that Avanti's general counsel had already agreed to its terms. However, Avanti filed for bankruptcy, and the option was never executed. Conversations between Michael Odens, President of D&O, and Avanti's general counsel followed, and the scenario was discussed that if D&O agreed to release TCS from its guaranties, Avanti might be willing to reject its lease of the store in Mankato. Avanti's general counsel sent a fax to Mr. Odens concerning their discussions, however, it appears that he disagreed that this fax accurately embodied the terms of their agreement. It appears that a contract was signed by the parties two months later.

Interpretation of the contract became an issue, based upon the communications discussed above. This litigation resulted, and Plaintiff filed a motion for summary judgment, arguing that the parol evidence rule, among other legal theories, barred consideration of the oral agreement between Mr. Odens and Avanti, and consequently, because it would be improper for the court to consider the oral agreement, that there were no material issues of fact in dispute.

B. Discussion and Application of the Parol Evidence Rule

The court provides a similar recitation of the case law that Defendants offered this Court, namely, that extrinsic evidence is barred by the parol evidence rule when a written contract does not contain ambiguous terms. Odens, at 5; Defendant's Motion at 7.

The court reviewed the terms of the written contract, and made the following findings:

1. the writing was "silent as to whether TCS will be released from the Guaranties following Avanti's rejection of the Mankato Store lease";
2. the contract was signed by all parties;
3. although the contract contained no integration clause, it did contain boldface type above the signature block that "[t]he below applies to the above referenced terms and conditions this 28th day of April, 2003";
4. there is no suggestion in the contract that "other oral or side agreements exist to modify the written contract".

Odens at 4-5. Based on these factors, the court found that the contract's terms were clear and unambiguous, and that the contract was subject to the parol evidence rule. The court further reasoned that

> "[b]ecause the parol evidence rule applies to the contract, the evidence proffered by Defendants at the deposition testimony of Ms. Ashkar that Plaintiff and Defendants reached an oral agreement to release TCS from the Guaranties is the only evidence that such an agreement existed. Since this evidence is parol and is legally barred from consideration, no issues of material fact exist, and summary judgment is appropriate. The contract does not mention the Guaranties, and the Court will not read a release of the Guaranties into the contract."

Id. at 6.

III. *Odens* Requires a Grant of Defendants' Motion for Summary Judgment

The facts presented in Odens are the same facts presented in this litigation: one of the contracting parties attempts to modify the clear and unambiguous terms of a written contract. In Odens, TCS attempted to modify their contract to allow the release of their Guaranties, although the contract did not provide for the release of these Guaranties. While in this case, Plaintiff attempts to modify the joint stipulation to allow it to proceed with a claim against Defendants when the stipulation only provides for the continuation of litigation when Plaintiff's claims against Reliance are not fully and finally adjudicated in the insolvency proceedings in Pennsylvania. The factual similarities continue. For instance, the joint stipulation was signed by all parties, and there is no suggestion that any other agreements among the parties exist to modify the joint stipulation. The terms within paragraphs 10 and 11 of the joint stipulation make it clear that the parties agreed to two results, and two results only, based upon the status of Plaintiff's claims against Reliance:

1. joint dismissal of this litigation in the event that Plaintiff's claims against Reliance were fully and finally adjudicated within the state insolvency proceeding in Pennsylvania;
2. continued litigation, based upon the scheduling of discovery and all other pre-trial matters within 30 days after the stay is lifted, in the event that Plaintiff's claims against Reliance were not fully and finally adjudicated within the state insolvency proceeding in Pennsylvania.

The court cited a holding of the Minnesota Court of Appeals and stated that "[a]n integration clause is not required for a finding that a contract is fully integrated; rather the criteria is whether the written contract is a full expression of the agreement." Id. at 5, United Artists Communications, Inc. v. Corporate Prop. Investors, 410 N.W.2d 39, 42-43 (Minn.Ct.App.1987) (citing Taylor v. More, 263 N.W. 537, 539 (Minn.1935)). The joint stipulation does not contain

a reference to any other agreement of the parties that would allow them to modify, unilaterally or otherwise, the terms of the joint stipulation. Nor has Plaintiff alluded to any. Thus, it would be improper, as well as a violation of the parol evidence rule, to consider any evidence proffered by Plaintiff that is outside of the four corners of the joint stipulation.

Because the Odens court refused to read an absent term into the Guaranties, summary judgment was mandated by the deficiency of issues of material fact. The same result is required in this matter as the parol evidence rule legally bars consideration of Plaintiff's arguments in favor of continuing this litigation. Therefore, there are no issues of material fact in dispute between the parties, and the grant of summary judgment is appropriate.

IV. Conclusion

The recently released holding in Odens by a member of this Court provides apt guidance for the dispute in this matter, especially because the facts within the two cases as to what the plain language of the contracts state, and do not state, are analogous. Therefore, Defendants respectfully request this Court to consider the Odens holding in its decision upon this litigation in order to find that the joint stipulation does not contain any suggestion that other oral or side agreements exist between the parties to modify the stipulation, that as a result, there are no genuine issues of material fact, and ultimately, that a grant of summary judgment is warranted.

Dated: March 3, 2005

s/ James O. Redman
James O. Redman (#90013)
James O. Redman, PLC
325 Main Street, #200
Red Wing, MN 55066
(651) 267-4166

Attorney for Defendants American Feed Industry Insurance Company Risk Retention Group, Inc. and Randy Lee