UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FEED PRODUCTS NORTH, INC.,

Plaintiff,

Court file no. 01-CV-487

v.

RELIANCE INSURANCE COMPANY OF ILLINOIS, INC., AMERICAN FEED INDUSTRY INSURANCE COMPANY RISK RETENTION GROUP, INC., and RANDY LEE,

Defendants.

AFFIDAVIT OF
ROBERT C. BLACK, III

---

State of Minnesota )
)
County of Hennepin)

Robert Black, being first duly sworn on oath, states as follows:

1. I am the attorney for the plaintiff in the above-captioned matter. I make this affidavit in response to Defendants American Feed Industry Insurance Company Risk Retention Group, Inc. ("American") and Randy Lee's ("Lee") motion for Summary Judgment and in support of Plaintiff's Motion for Relief from Stipulation.

2. Reliance Insurance Company of Illinois, Inc. ("Reliance") is represented in the matter by Eric Caugh, and the firm of Zelle, Hoffman Voelbel, Mason and Gette. American and Lee are represented by separate counsel, James Redmond.

3. By Order dated May 29, 2001, Reliance was placed into Rehabilitation by the Insurance Commissioner of the Commonwealth of Pennsylvania. The Rehabilitation is an insolvency proceeding and is similar to a Bankruptcy proceeding. Pursuant to said order, all actions currently pending against Reliance in Pennsylvania or elsewhere were stayed. The order therefore effectively stayed the above-captioned proceeding as it relates to Reliance. The order did not necessarily stay the proceedings against American and Lee, but American and Lee's potential exposure in the case is a function of the amount Reliance is determined to owe. Accordingly, it was appropriate to stay all proceedings pending the Pennsylvania insolvency proceedings.

4. Upon executing the stipulation in question, it was the agreement of the parties that the proceedings be stayed until such time as plaintiff's claim against Reliance was resolved or liquidated pursuant to the insolvency proceeding regarding Reliance which is pending before the Commonwealth Court of Pennsylvania. It was never intended that upon resolution of the claim against Reliance that American and Lee be dismissed.

5. Plaintiff's claims against Reliance are distinct from the claims against Reliance and Lee. The claim against Reliance is for breach of contract. The claims against American and Lee are based in negligence. It was never my intention to agree to dismiss claims against American and Lee based upon resolution of the claim against Reliance. To the contrary, it was always my intention to proceed against American and Lee subsequent to resolution, or liquidation, of the claim against Reliance.

6. Prior to executing the stipulation I reviewed the stipulation, and read paragraph 10 to be related to Reliance, not all defendants. Further, I certainly never intended to dismiss American and Lee after plaintiff's claim against Reliance was resolved.

7. Paragraph 10 of the Stipulation deals with the reopening of the case after the plaintiff's claims against Reliance have been resolved within the insolvency proceeding. My intention was that upon resolution of the claims against Reliance, that the parties would dismiss Reliance from the proceedings, and that the proceedings against American and Lee would continue before the Minnesota Court. At no time did I ever intend to dismiss American and Lee because plaintiff clearly has claims against American and Lee that are separate from the claims against Reliance and they are claims that survive the resolution of the claim against Reliance. Further, it was necessary to determine the liability of Reliance before I could determine the potential liability of American and Lee.

8. Pursuant to Notice of Determination by Reliance Insurance Company in Liquidation, plaintiff's claim against Reliance has been effectively resolved. It is my intention to dismiss Reliance from this action and proceed with the litigation as it relates to American and Lee.

Dated: March 24, 2005

R C Black III

Robert C. Black, III

Subscribed and sworn before me
this 24th day of March 2005

Notary Public

CHRISTINA C. POMERLEAU
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES
JANUARY 31, 2007