UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FEED PRODUCTS NORTH, INC.,

Plaintiff,

Court file no. 01-CV-487

v.

RELIANCE INSURANCE COMPANY OF ILLINOIS, INC., AMERICAN FEED INDUSTRY INSURANCE COMPANY RISK RETENTION GROUP, INC., and RANDY LEE,

Defendants.

MEMORANDUM OF LAW

---

This Memorandum of Law is submitted in opposition to defendants American Feed Industry Insurance Company Risk Retention Group ("American") and Randy Lee's ("Lee") Motion for Summary Judgment and in support of plaintiff Feed Products North's Motion for Relief from the Joint Stipulation.

BACKGROUND

In July 1999, plaintiff suffered property damage to its commercial facility in Maplewood, Minnesota as a result of a windstorm. Plaintiff suffered damages to it buildings and property in the amount of approximately $460,000. Subsequent to the storm, plaintiff filed claims with defendant Reliance Insurance Company ("Relaince") to compensate plaintiff for its damages. Shortly after the claims were filed, plaintiff was informed that the property insurance in place was for the actual cash value of the damaged property (i.e., depreciated value), as opposed to replacement cost. Pursuant to plaintiff's claims, Reliance made initial partial payments to plaintiff totaling approximately $253,718.27. Plaintiff did not agree that the payments fully compensated it for the depreciated value of the damaged property and feels as though the depreciated value of the damaged property is in excess of the partial payment.

Plaintiff and reliance were ultimately unable to agree on the depreciated value of the damaged property and in February 2001, plaintiff initiated the subject legal action against Reliance. Plaintiff's claim against Reliance is a breach of contract claim requesting the depreciated cost of the damaged property, less amounts already received (see Plaintiff's Complaint ¶ 24 – 26). Plaintiff's action also contains claims against American Feed Industry Risk Retention Group (American) and Randy Lee (Lee) based on the theory of negligence. Plaintiff's claims against American and Lee are basically that Lee, acting as an agent for American, failed to provide adequate insurance to plaintiff that included replacement cost coverage and business interruption coverage and as a result, plaintiff is underinsured with regard to the July 1999 incident. Plaintiff's claim is that any damages that were not covered by the Reliance policy are the obligation of American and/or Lee.

By Order dated May 29, 2001, Reliance was placed into Rehabilitation by the Insurance Commissioner of the Commonwealth of Pennsylvania. The Rehabilitation is similar to a Bankruptcy proceeding. Pursuant to said order, all actions currently pending against Reliance in Pennsylvania or elsewhere were stayed. The order therefore effectively stayed the above-captioned proceeding as it relates to Reliance. In that the actions against Reliance were stayed, and that the liability of American and Lee is related to the liability of Reliance, it was necessary to stay the proceedings as they related to American and Lee until the liability of Reliance was determined. Accordingly, counsel for the parties entered into a Joint Stipulation which stayed the proceedings.

By Notice of Determination by Reliance Insurance Company in Liquidation, plaintiff's claim against Reliance has affectively been resolved. By motion of plaintiff, the stay on proceedings has been lifted. Defendants American and Lee now move the court for Summary Judgment based upon purported language in the Joint Stipulation. Plaintiff opposes the motion and makes a counter motion for Relief from the Joint Stipulation.

ISSUE I: Whether the parties intended to dismiss American and Lee, or whether the provision in the Joint Stipulation regarding dismissal is susceptible to more than one meaning.

ARGUMENT

Summary judgment is not appropriate in this case in that there is a question of material fact as to whether the parties intended to dismiss the case. Plaintiff never intended to release his claims against American and Lee upon resolution of its claim against Reliance. The stipulation is at the very least susceptible of more that one meaning.

The stipulation is susceptible to more than one meaning because nowhere in the Joint Stipulation does it specifically state that the claims against American and Lee should be dismissed. Further, it was not the intent of plaintiff to release its claims against American and Lee upon resolution of the claim against Reliance. The underlying basis for the stipulation is the insolvency proceedings regarding Reliance. Proceedings against Reliance were stayed by order of the Commonwealth Court of Pennsylvania. The stipulation simply facilitated the stay imposed by the Pennsylvania insolvency proceedings. Since the potential monetary liability of Reliance, American and Lee are related, it would have been nearly impossible to proceed against American and Lee, without including Reliance. Accordingly, plaintiff agreed to stay all proceedings. It was necessary to say all proceedings because any liability attributable to Reliance would reduce the potential liability of American and Lee. Plaintiff agreed to stay the proceedings, but never agreed to drop its claims against American and Lee. Plaintiff simply had to wait until the liability of Reliance was determined before it could proceed against American and Lee.

Paragraph 8 of the stipulation states that the parties agree to stay the proceedings in favor of the state insolvency proceedings in Pennsylvania. The state insolvency proceedings obviously do not directly affect American and Lee. The sentence in paragraph 10 of the Joint Stipulation upon which American and Lee rely never mentions either the claims against American and Lee, nor dismissal of the claims. The sentence deals specifically with Reliance, not American and Lee. Further, as is set out in the affidavit of Robert Black, there was never an intention to dismiss plaintiff's claims against American and Lee. In fact, the intent of the stipulation was to dismiss Reliance, not all defendants. Defendants American and Lee now attempt to have legitimate

claims dismissed based upon what is at the very least, ambiguity in the stipulation. Such relief would be inappropriate and not serve the interests of justice.

In making the motion for Summary Judgment, American and Lee rely on one sentence in paragraph 10 of the stipulation. They conveniently fail to mention that the spirit of the stipulation was based upon the Pennsylvania Courts stay involving Reliance and that American and Lee were in no way directly affected by the Pennsylvania Order.

It does not follow that the plaintiff's claims against American and Lee would be dismissed upon the resolution of its claim against Reliance. The claims are separate and distinct and are based upon separate legal theories. The only relation between the claims is that they spring from the same facts and circumstances, that is, the storm of July 7, 2000, and the damage it caused to plaintiff's property.

If the parties intended to stay the proceedings until the claims of reliance were adjudicated, and then dismiss the case, the stipulation would have simply been to dismiss the case in favor of the insolvency proceedings. There would be no necessity to stay the proceedings. The court should also note that paragraph 12 of the stipulation deals with tolling of applicable statutes of limitation. This language was included specifically to preserve plaintiff's claims against American and Lee. This language would clearly not be necessary if it was the intention of the stipulation to dismiss claims against American and Lee. There is no need to toll statutes of limitation as they relate to Reliance because the insolvency proceedings already do so.

Defendant's motion for summary judgment is based upon the stipulation of the parties and language that purportedly means that the parties intended to dismiss all claims if the claims against Reliance were resolved. Defendant claims that "there was mutual assent of the parties". There clearly was not. Plaintiff never intended to dismiss its claims against American and Lee.

In reality, the intent of the stipulation was to stay the proceedings as they related to Reliance, and it was never the intent of the parties to dismiss American and Lee. At the very least, there

remains a question of fact as to the intent of the Joint Stipulation. In any event, defendant's Motion for Summary Judgment should be denied.

ISSUE II: Whether the plaintiff is entitled to relief from the stipulation.

ARGUMENT

In the event the court decides the Joint Stipulation purports to dismiss American and Lee, Plaintiff is entitled to relief from the stipulation in the interests of justice because it was never intended to dismiss American and Lee.

"Whether a party should be relieved from a stipulation ... rests largely in the discretion of the trial court." Levine v. Holdahl-Colstad, Inc., 88 N.W.2d 865 (1958). The "District Court has broad discretion in determining whether to hold a party to its stipulation." Morrison v. Genuine Parts Co. 828 F.2d 708 (C.A. Ala 1987). "It is well settled that a stipulation [...] may be set aside or avoided: (1) For fraud or collusion; (2) for mistake; or where the stipulation was improvidently made and in equity and good conscience should not be allowed to stand." Keller v. Wolf, 59 N.W.2d 891, 894 (1953), citing National Council, etc., v. Scheiber, 141 Minn. 41, 169 N.W.272, et al. "This rule is in accord with great weight and authority." Levine v. Holdahl-Colstad, Inc., 88 N.W.2d 865 (1958). "Relief can be granted from stipulations in order to prevent manifest injustice. U.S. v. Harding, 491 F.2nd 697 (C.A. Colo 1974). "A court may relieve a party of his stipulation if necessary to prevent of his stipulation if necessary to prevent an injustice, particularly where the facts contrary to the stipulation are established..." H.B. Zachry Co. v. US, 344 F2d 352 (1965).

The affidavit of Robert Black establishes that it was never the intention of Black, or the plaintiff for that matter, to dismiss the claims of American and Lee. It was always the intention of plaintiff to proceed with its claims against American and Lee. If the court determines that the stipulation acts to dismiss American and Lee, plaintiff respectfully request relief from the stipulation on the theory that the language purporting to dismiss American and Lee is a mistake. Further, if American and Lee were to be dismissed from the case, it would be not only

inequitable, it would amount to manifest injustice. Dismissal of American and Lee would eliminate legitimate outstanding claims against the defendants totaling over $150,000.

In arguing for their interpretation of the Joint Stipulation, American and Lee fail to address the possibility that the select language upon which their motion solely relies could be a mistake and not accurately reflect the true intention of the parties. What the plaintiff intended was to dismiss the proceedings as it relates to Reliance. Not as it relates to American and Lee.

CONCLUSION

The plaintiff has legitimate claims which remain against American and Lee. It is absurd to believe that plaintiff would agree to dismiss American and Lee based upon resolution of its claims against Reliance, and it clearly never intended to do so. Plaintiff deserves its right to pursue these claims, and not have them barred by language in the stipulation which is at the very least ambiguous. If the court deems the language in the stipulation to entitle American and Lee to a dismissal, plaintiff requests relief from the stipulation in the interest of preserving justice.

Respectfully submitted this 23rd day of March 2005.

s/ Robert C. Black, III
Robert C. Black, III
Attorney for Plaintiff
Suite 425
7400 Metro Boulevard
Edina MN 55439
612-831-1454
Attorney Reg. No. 186855