UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Feed Products North, Inc.,

Plaintiff,

v.

Civ. No. 01-487 (JNE/JGL)
ORDER

Reliance Insurance Company of Illinois, Inc.,
American Feed Industry Insurance Company
Risk Retention Group, Inc., and Randy Lee,

Defendants.

---

Robert C. Black, III, Esq., appeared for Plaintiff Feed Products North, Inc.

James O. Redman, Esq., Redman Law Office, appeared for Defendants American Feed Industry Insurance Company Risk Retention Group, Inc. and Randy Lee.

---

After wind damaged its property, Feed Products North, Inc. brought this action against an insurance company, Reliance Insurance Company of Illinois, Inc. (Reliance), for breach of contract, and against an insurance agent and his employer, Randy Lee and American Feed Industry Insurance Company Risk Retention Group, Inc. (American Feed), respectively, for negligence. American Feed and Lee assert they are entitled to summary judgment under the terms of a stipulation that the parties executed earlier in this litigation. Feed Products North moves for relief from the stipulation. For the reasons set forth below, the Court grants American Feed and Lee's Motion for Summary Judgment and denies Feed Products North's Motion for Relief from Stipulation.

## I. BACKGROUND

In November 1999, Feed Products North asked Lee, a specialist in insurance involving the feed industry, for assistance in renewing insurance coverage for its property in Maplewood,

Minnesota. In January 2000, Lee and American Feed obtained insurance for Feed Products North from Reliance. In July 2000, Feed Products North's Maplewood property sustained substantial damage from wind. As a result of the wind damage, Feed Products North allegedly lost business and incurred costs to clean the property. Feed Products North made a claim against the Reliance policy and received what it regards as "partial payment for its claims under the policy." Feed Products North then brought this action.

Approximately three months later, Reliance's poor financial health resulted in its placement in rehabilitation under the control of the Insurance Commissioner of Pennsylvania (Commissioner). In October 2001, the Commissioner petitioned the Commonwealth Court of Pennsylvania to approve an Order of Liquidation for Reliance. The Commonwealth Court of Pennsylvania granted the petition, declared Reliance insolvent, and appointed the Commissioner as Reliance's liquidator.

In January 2002, Feed Products North, Reliance, American Feed, and Lee entered into a stipulation to stay this action. The stipulation provides in part:

> The parties, by their undersigned counsel, stipulate and agree as follows:
>
> . . . .
>
> 7. The parties agree that a stay of these proceedings will help to conserve Reliance's assets and facilitate the orderly and efficient adjudication and satisfaction of claims and litigation against Reliance and its insureds.
>
> 8. The parties agree and stipulate that, consistent with and pursuant to the Liquidation Order, all further proceedings in this matter shall be stayed indefinitely in favor of the state insolvency proceedings in Pennsylvania.
>
> 9. The parties agree and stipulate that the stay shall be without prejudice to any rights of any party.
>
> 10. The parties agree and stipulate that the stay shall be effective until plaintiff Feed Product[s] North's claims against Reliance are fully and finally adjudicated within the state insolvency proceeding in Pennsylvania, as governed by the laws of the Commonwealth of Pennsylvania, or until this stay is lifted by

> Order of this Court upon motion of one of the parties and for good cause shown. In the event that Feed Product[s] North's claims against Reliance are fully and finally adjudicated within the state insolvency proceeding in Pennsylvania, as governed by the laws of the Commonwealth of Pennsylvania, the parties agree to jointly move for a dismissal of this matter with prejudice and with each party bearing its own costs, fees, and expenses.
>
> 11. In the event that Feed Product[s] North's claims against Reliance are not fully and finally adjudicated in the state insolvency proceeding in Pennsylvania and the stay of this matter is lifted, the parties agree that additional time will be needed to complete discovery in this matter. The parties agree that, within 30 days after the stay in this matter is lifted, they shall attempt to agree on a reasonable schedule for the completion of discovery and all other pre-trial activities in this matter, including dispositive motion practice. The parties agree that the time-frame for completing discovery after the stay is lifted shall be not less than 120 days.
>
> 12. All applicable statutes of limitations are hereby tolled while this matter is stayed.

By Order of January 24, 2002, the Court stayed this action.

After Feed Products North's claims against Reliance were adjudicated in the state insolvency proceeding in Pennsylvania, the stay was lifted. American Feed and Lee now move for summary judgment pursuant to paragraph 10 of the stipulation. Feed Products North moves for relief from the stipulation.[1]

## II. DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S.

[1] In an affidavit submitted in support of Feed Products North's motion for relief from the stipulation, Feed Products North's counsel stated that he intended to dismiss Reliance from this action. Accordingly, the Court dismisses Reliance from this action.

317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the party opposing the motion to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**A. Motion for summary judgment**

American Feed and Lee maintain that paragraph 10 of the stipulation unambiguously provides for the dismissal of this action given that Feed Products North resolved its claim against Reliance in the Pennsylvania insolvency proceeding. The Court applies general principles of contract interpretation to the stipulation. *See Beach v. Anderson*, 417 N.W.2d 709, 711-12 (Minn. 1988). "The construction and effect of a contract presents a question of law, unless an ambiguity exists." *Brookfield Trade Ctr. Inc. v. County of Ramsey*, 584 N.W.2d 390, 394 (Minn. 1998). A contract is ambiguous if it is "reasonably susceptible to more than one interpretation." *Id.* Unambiguous contractual language must be given its plain and ordinary meaning. *Bob Useldinger & Sons, Inc. v. Hangsleben*, 505 N.W.2d 323, 328 (Minn. 1993). A court may not consider extrinsic evidence of the parties' intent if the contract is unambiguous. *Brookfield Trade Ctr.*, 584 N.W.2d at 392 n.1.

By its terms, the stipulation requires the parties "to jointly move for a dismissal of this matter with prejudice" if "Feed Product[s] North's claims against Reliance are fully and finally adjudicated within the state insolvency proceeding in Pennsylvania." The plain and ordinary meaning of "party" is "[o]ne by or against whom a lawsuit is brought." *Black's Law Dictionary* 1154 (8th ed. 2004). The plain and ordinary meaning of "matter" is "[a] subject under

consideration, [especially] involving a dispute or litigation." *Id.* at 999. The stipulation's use of "parties" and "matter" is consistent with their ordinary meanings. Throughout the stipulation, "parties" refers to Feed Products North, American Feed, Reliance, and Lee, and "this matter" refers to the above-entitled action. The Court concludes that the stipulation is unambiguous.[2] Given that Feed Products North resolved its claims against Reliance in the Pennsylvania insolvency proceeding, the stipulation requires the parties to jointly move to dismiss this action with prejudice. The Court therefore concludes that American Feed and Lee are entitled to summary judgment unless Feed Products North obtains relief from the stipulation.

**B. Motion for relief from stipulation**

Although settlement of claims without recourse to litigation is favored, "a stipulation for settlement may be set aside or avoided: (1) For fraud or collusion; (2) for mistake; or (3) where the stipulation was improvidently made and in equity and good conscience should not be allowed to stand." *Keller v. Wolf*, 58 N.W.2d 891, 894 (Minn. 1953). Feed Products North bears the burden of establishing sufficient grounds to set aside the stipulation. *See Johnson v. St. Paul Ins. Cos.*, 305 N.W.2d 571, 573 (Minn. 1981); *Schoenfeld v. Buker*, 114 N.W.2d 560, 566 (Minn. 1962).

Feed Products North asserts that it should be relieved from the stipulation "in the interests of justice because it was never intended to dismiss American [Feed] and Lee." To set aside a stipulation for mistake under Minnesota law, "the mistake need not be 'mutual' in the sense that both parties are under a similar delusion." *Keller*, 58 N.W.2d at 895. There must, however, be "concealment or, at least, knowledge on the part of one party that the other party is laboring

[2] Because the stipulation is unambiguous, the Court declines to consider the extrinsic evidence of the parties' intent offered by Feed Products North. *See Brookfield Trade Ctr.*, 584 N.W.2d at 392 n.1.

under a mistake in order to set aside a release for unilateral mistake." *Id.* In an affidavit, Feed Products North's counsel states: "Prior to executing the stipulation I reviewed the stipulation, and read paragraph 10 to be related to Reliance, not all defendants." Feed Products North's counsel's review of the stipulation reveals that Reliance, American Feed, or Lee did not engage in any concealment. Nor is there any evidence that indicates Reliance, American Feed, or Lee knew of Feed Products North's counsel's alleged failure to comprehend the stipulation. Under these circumstances, Feed Products North's unilateral mistake as to the scope of the stipulation does not permit it to avoid the stipulation's plain meaning. *See Schmitt-Norton Ford, Inc. v. Ford Motor Co.*, 524 F. Supp. 1099, 1104 (D. Minn. 1981), *aff'd*, 685 F.2d 438 (8th Cir. 1982); *Goldberger v. Kaplan, Strangis, & Kaplan, P.A.*, 534 N.W.2d 734, 737 (Minn. Ct. App. 1995); *Sorensen v. Coast-to-Coast Stores (Cent. Org.), Inc.*, 353 N.W.2d 666, 670 (Minn. Ct. App. 1984). Accordingly, the Court declines to grant relief from the stipulation for mistake.

Feed Products North also argues that it should be relieved from the stipulation because dismissal of American Feed and Lee would be "inequitable" and "amount to manifest injustice." According to Feed Products North, dismissal of American Feed and Lee "eliminate[s] legitimate outstanding claims" worth more than $150,000. To the extent Feed Products North argues that the stipulation was "improvidently made and in equity and good conscience should not be allowed to stand," *Keller*, 58 N.W.2d at 894, it has failed to satisfy its burden of establishing that relief from the stipulation is warranted. Feed Products North has not submitted any evidence to support a finding that the stipulation was improvidently made. *See Schoenfeld*, 114 N.W.2d at 567; *Levine v. Holdahl-Colstad, Inc.*, 88 N.W.2d 865, 870-71 (Minn. 1958). Accordingly, the Court concludes that relief from the stipulation on the ground that it was improvidently made is not warranted.

Finally, the Court notes that Feed Products North seeks relief from the stipulation "to the extent that it purports to dismiss" American Feed and Lee. Under Minnesota law, "a stipulation for settlement of a case [cannot] be set aside so as to relieve one party to the agreement from his obligation without setting it aside altogether so as to relieve both parties from the effect thereof." *Levine*, 88 N.W.2d at 868; *Gerdtzen v. Cockrell*, 52 N.W. 930, 931 (Minn. 1892) ("If the agreement could be set aside at all, it must be wholly set aside. The order appealed from had the partial effect above indicated, and for that reason it must be reversed."). The parties do not address whether the Court could effectively vacate the stipulation now—more than three years after the parties executed it—given Reliance's involvement in liquidation proceedings. In any case, Feed Products North does not seek to vacate the stipulation itself. Its request is one for partial relief from the stipulation. The Court therefore denies Feed Products North's motion.

## III. ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. American Feed and Lee's Motion for Summary Judgment [Docket No. 25] is GRANTED.

2. Feed Products North's Motion for Relief from Stipulation [Docket No. 32] is DENIED.

3. This case is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 20, 2005

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge